### HORN v. WHITE et al.
### No. 3489.

Court of Civil Appeals of Texas. Beaumont.

June 1, 1939.

Gilbert T. Adams, of Beaumont, for appellant.

Appellees not represented by counsel in Court of Civil Appeals.

WALKER, Chief Justice.

This was an action by appellant, Purl Horn, against appellees, Chas. White and M. M. Nanny, individually and as partners doing business under the names of the Southern Mattress Manufacturing Company and Southern Sales Manufacturing Company, for damages for libel. The appeal was prosecuted by appellant from the judgment of the lower court holding that appellant's petition was subject to the general demurrer. We give the material allegations of the petition:

"Plaintiff would further show the court that at and before the time for the publishing of the matters hereinafter complained of, plaintiff .was a highly venerated, respected and upright and honorable business man of Beaumont, Texas and other places in Texas, enjoying the esteem and respect and confidence of his friends and neighbors, fellow citizens and business associates, and that by reason of and as directly and proximately caused by the hereinafter alleged acts of the defendants and each of them, plaintiff has been ruined in his good name and reputation, and his honesty and integrity have been questioned; that he has been held up as an object of jest and ridicule, and his honesty and integrity and veracity and fairness have been questioned by reason of the hereinafter alleged acts by the defendants and each of them and their agents, owners and employees.

"4. Plaintiff would further show the Court that during the month of June, 1936, he placed with the defendants an order for certain furniture, same being an order for two bedroom suites to cost forty dollars ($40.00) a piece, shipped F. O. B. Houston; a copy of same being retained by- plaintiff and the original and two copies kept by defendants that the defendants wrote out an order for one bedroom suite to cost fifty-four dollars and ninety-five cents ($54.95) F. O. B. Evansville Indiana and

sent it to the Karges Furniture Company; Evansville, Indiana, for it to fill, representing to the said Karges Manufacturing Company that such was the order given by plaintiff, and that said bedroom suite was shipped to plaintiff together with freight charges from Evansville, Indiana; and plaintiff not having ordered said bedroom suit and not having agreed to pay for freight from Evansville, Indiana, he refused to accept said shipment.

"That later, the shippers of said furniture agreed to accept forty dollars ($40.00) for said furniture and freight from Houston to Beaumont to be paid by plaintiff, said shippers to pay the cost of freight from Evansville, Indiana to Houston. That said agreement between said plaintiff and said shippers of said furniture was by letter of date August 5, 1936. That in pursuance of said agreement, plaintiff did pay for said furniture and accept same.

"5. That thereafter, the defendants and each of them, acting by and through their duly authorized and empowered agent, Charles White in the course of his employment, wrote the Karges Furniture Company, Evansville, Indiana, that there was no confusion in the shipments; that there was only one order written for the plaintiff which was an order that had been filled and that there was nothing to support plaintiff's contention that he had not ordered the furniture which was shipped.

"And said defendants in said letters advised the Karges Furniture Company to 'turn the matter over to a lawyer and to force plaintiff to pay the additional amount involved; because it was evident that plaintiff did not wish to do the fair thing about the order'. Thereby meaning and inferring that plaintiff was crooked and would attempt to beat an honest obligation. That said letter is in words and figures substantially as follows: and Defendants and each of them is hereby notified to produce the original of said letter and should they fail to produce same or a true copy thereof secondary evidence will be used to prove the contents of same.

"Southern Mattress Mfg. Company
"3606 N. Main Street
"Houston, Texas.
"September 10th 1936.
"Karges Furniture Company, Evansville, Indiana.
"Mr. A. F. Karges: In reply to your letter of September 8th addressed to Mr. Bradley, wish to advise that I have talked to Mr. Bradley about this and he advises that he cannot explain this as he only wrote the one order and that there was nothing to support Mr. Horn's contentions; we will upon your request furnish the carbon copy of our order for you to verify the original you have by if this would help out any. As stated in my former letter, I gave the freight bill to the railroad company and advised the suit be picked up and brought in to Houston and when they asked for it at Beaumont, they were advised that Horn had just the day or so before accepted it. If you cannot agreeably adjust the difference with Horn you might suggest to him that before he sells the suit that he still release it to us and we will reimburse him for his expenses, etc. I suggest this as a matter of avoiding a suit on the matter. If the above proposition cannot be worked out, I would not hesitate to demand payment of full charges on the suite and turn it over to an attorney, because it is evident that he does not wish to do the fair thing about it. If there is any other way in which we might be of assistance to you please advise as we too would like to get it straightened up and get *out* commission.

"Southern Mattress Mfg. Co.
"Chas. White

"6. That at the time of the writing of said letter, the defendants and each of them and their agent had in their possession the original order and in fact knew that plaintiff had not ordered one bedroom suit to cost fifty-four dollars and ninety-five cents ($54.95) and that the plaintiff had in fact ordered two bedroom suites to cost forty dollars ($40.00) a piece, F. O. B. Houston; and that the defendants and each of them knew that the statements made in said letter of September 10, 1936, were false and that said statements were made knowingly and with the purpose and intent to injure and defame and libel this plaintiff and to hold him up to public hatred, contempt and ridicule; and that said letter was by the defendants and each of them mailed by them to the Karges Manufacturing Company of Evansville, Indiana, and was by said company and its agents read and published; and said Karges Manufacturing Company, in response to defendants' advise and said letter, forwarded said letter to The Lyon Mercantile Agency and to attorneys in Beaumont, Texas, same being the firm of Crook and Cunningham; and said letter was by said attorneys read and turned over to their associate, one Wysong, and was by him read; all to this

plaintiff's injury and damage; and said statements in said letters were made knowingly and willfully and maliciously without probable cause for belief of the truth of the matters therein stated; and that said letter is an attempt by the defendants to hold up plaintiff to public hatred, contempt and ridicule, and to reflect on plaintiff's good standing and credit, his honesty and integrity, and was published and printed for the purpose of and had the effect of bringing into question plaintiff's honesty and integrity; and that said letter did lead those who read same and to whom it was published, to question plaintiff's honesty, integrity, and honor, and was calculated, and did hold up plaintiff to public hatred, contempt and ridicule and injured his credit, and which said letter was subject to such construction by the ordinary reader and by reason of which he has been threatened with suit; and plaintiff would further show the court that on learning of said letter and said false and defamatory charges and insinuations, he was greatly chagrined, embarrassed angered and suffered great mental pain and anguish, and because and by reason of said libelous and defamatory publication, plaintiff has suffered actual damages in the sum of seven thousand five hundred dollars ($7,500.00).

"7. Plaintiff would further show to the court that said publication and defamatory matters were published with actual malice, wilfully and with intent to injure and defame this plaintiff, knowing that the matters stated were false; by reason of said act of malice defendant should be required to respond further in exemplary damages in the sum of Five Thousand dollars ($5,000.00)."

### Opinion.

On the allegations of the petition, appellees committed a forgery against appellant, they forwarded to Karges Furniture Company an order in writing for certain furniture, stating that it had been given to them by appellant, when in fact he had not executed that order but had given appellant an entirely different order; having forged the order, they represented that it was a genuine order, and that appellant was bound to accept and pay for the furniture described therein. They represented further that appellant, by fraudulent representations, had made an adjustment with Karges Furniture Company, and had paid that company $40 when in fact he was legally bound to pay it $54.95. They made against appellant the further charge that, if appellant refused to pay the $54.95, the amount of the alleged forged order, quoting their exact language, "It is evident he does not wish to do the fair thing about it." In our judgment the letter was libelous. It was calculated, as charged in the petition, to injure his credit rating, and to hold him up to public criticism, contempt and ridicule as a dishonest man—as a man who would give a written order for goods, deny the order, and then force an unfair and dishonest adjustment. Article 5430, R.C.S.1925, defines a libel as follows: "A libel is a defamation expressed in printing or writing, or by signs and pictures, or drawings tending to blacken the memory of the dead, or tending to injure the reputation of one who is alive, and thereby expose him to public hatred, contempt or ridicule, or financial injury, or to impeach the honesty, integrity, or virtue, or reputation of any one, or to publish the natural defects of any one and thereby expose such person to public hatred, ridicule, or financial injury."

The following authorities bring the alleged libelous publication within the terms of the statute: The Enterprise Co. v. Ellis (Tex.Civ.App.) 98 S.W.2d 452; Guisti v. Galveston Tribune, 105 Tex. 497, 150 S.W. 874; Snyder v. New York Press Co., 137 App.Div. 291, 121 N.Y.S. 944; Munden v. Harris, 153 Mo.App. 652, 134 S.W. 1076; Revised Civ.Statutes, Art. 5430; Burton v. O'Niell, 6 Tex.Civ.App. 613, 25 S.W. 1013.

The judgment of the lower court is reversed and the cause remanded for a new trial.

Reversed and remanded.